PEOPLE v. NEUBRAND.

(Supreme Court, Trial Term, Westchester County. May Term, 1898.)

VILLAGE DEPARTMENTS—BOARDS OF COMMISSIONERS—NUMBER OF MEMBERS.

     Laws 1897, c. 414, § 68, provides for reducing to three the members of each of the separate village boards of commissioners in different village departments named, "except that, if a village of the first or second class now has a board of commissioners composed of five members, such num-

ber shall be continued." *Held* to mean that, if a village of the first or second class has a board of as many as five members, that number should be continued.

Action by the people, brought by the attorney general by way of quo warranto, against Edward W. Neubrand, to oust him from the office of a member of the board of water commissioners of the village of Tarrytown. Complaint dismissed.

Theo. H. Hancock, Atty. Gen., and Frank V. Millard, for plaintiff. Henry C. Griffin, for defendant.

SMITH, J.   Section 68 of the village law (chapter 414, Laws 1897), provides as follows:

"Continuance of Separate Boards.  If a village now has a separate board of fire, water, light, sewer or cemetery commissioners, such commissioners shall continue in office during their respective terms and no commissioner shall be hereafter appointed until the whole number be reduced by expiration of term or otherwise to less than three, except that, if a village of the first or second class now has a board of commissioners composed of five members, such number shall be continued.  All such commissioners shall hereafter be appointed by the board of trustees and the terms shall be so adjusted that one shall expire each official year."

The village of Tarrytown, a village of the second class when this law went into effect, had a board of water commissioners composed of six members.   The terms of two of those members expired in March, 1898, leaving in office four members.   The board of trustees of the village, believing that the board of water commissioners should be composed of five members under the section quoted, appointed the defendant a member of the board.   This action is brought to oust the defendant on the ground that the trustees had no power of appointment until the board was reduced to a less number than three members.

If the letter of the statute expresses the exact intention of the legislature, the contention of the plaintiff is correct.   The board did not contain exactly five members when the law went into effect, and, under a literal interpretation of the statute, the board must, by operation of the statute, be reduced to three members.   Should a literal interpretation of this statute be given?   I think not.   Judge Earl, in the case of Riggs v. Palmer, 115 N. Y. 509, 22 N. E. 189, says:

."It is a familiar canon of construction that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter, and a thing which is within the letter of the statute is not within the statute unless it be within the intention of the makers.   The makers of laws do not always express their intention perfectly, but either exceed it or fall short of it, so that judges are to collect it from probable or rational conjectures only, and this is called 'rational interpretation'; and Rutherford in his Institute says, when we make use of rational interpretation, sometimes we restrain the meaning of the writer so as to take in less, and sometimes we extend or enlarge his meaning so as to take in more, than his words express."

I think the section under examination calls for a rational interpretation, and that there is no difficulty in making such interpretation.   Villages are divided into four classes, based upon their population; villages of the first class containing a population of 5,000 or more, of the second class a population of 3,000 and less than 5,000,

of the third class a population of 1,000 and less than 3,000, and of the fourth class a population of less than 1,000. The intention of the legislature was to provide for a uniform number of three members of each board of fire, light, water, sewer, or cemetery commissioners in villages of all classes, except that in villages of the first and second classes, if the boards were composed of five members, that number should be continued. Why were not boards of five members, in villages of the third and fourth classes, continued as well as in villages of the first and second classes? Evidently, because it was appropriate and reasonable that in the larger villages, where greater responsibilities, financial and otherwise, are devolved upon the boards, and those boards already contained as many as five members, the larger number should be continued. What possible reason could exist why, for example, a village of the second class, which had a board of five members, should have that number continued, and a village of the first class, which had a board of six members, should have the number reduced to three members? No reason can be suggested, and to my mind the legislature had no such intent. It was the intention of the legislature to provide that, if a village of the first or second class had a board of commissioners containing as many as five members, then that number should be continued. I am asked by the defendant to construe the statute by taking judicial notice of the composition of boards of water commissioners in the different villages of the state, but I consider such evidence, if admissible, of no value, because the statute does not apply alone to boards of water commissioners. The statute can be construed in harmony with the contention of the defendant, without resort to such evidence.

The board of trustees were authorized to appoint the defendant a member of the board of water commissioners of the village of Tarrytown, and the complaint must be dismissed upon the merits.